IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY AND | ) | |
| SKIN CANCER CENTER, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2250-KHV |
| | ) | |
| ROBERT F. KENNEDY, JR., in his official | ) | |
| capacity as Secretary, United States | ) | |
| Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

Plaintiff appeals the decision of the U.S. Department of Health and Human Services, Office of Medicare Hearings and Appeal, disputing whether the government accurately denied payment for Medicare claims related to patients who received skin substitute grafts. This matter is before the Court on the Joint Motion To Seal (Doc. #298) filed December 18, 2025. For reasons stated below, the Court overrules the motion but orders redactions under Rule 5.2(a), Fed. R. Civ. P., and restricts public Internet access to the records in question.[1]

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616

---

[1]     The administrative record is some 50,000 pages. See Transmittal Of Certified Record (Doc. #14) filed December 17, 2025; Administrative Record (Docs. ##15–18) filed December 18, 2025. The parties seek to seal more than 44,000 pages of the record which contain medical information of individual patients. The parties do not seek to seal the remainder of the administrative record which includes the ALJ decision, hearing transcript and other documents which do not identify specific patients.

F.2d 458, 461 (10th Cir. 1980).  In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

The parties jointly request that the Court seal patient medical records and related documents.  The medical records include each patient's diagnosis, surgeries, wound care, prognosis and numerous photographs.  The related documents include medical histories, detailed medical information and personal patient information such as address, date of birth and names of family members.  As the parties note, the patients are not parties in this action.  The Tenth Circuit has granted motions to seal portions of the record which include the "private medical information" of non-parties.  AdHealth, Ltd. v. PorterCare Adventist Health Sys., 135 F.4th 1241, 1244 n.1 (10th Cir. 2025); see MacKay v. Drug Enf't Admin., 664 F.3d 808, 812 (10th Cir. 2011) (in review of agency decision revoking doctor's registration to dispense controlled substances, granting motion to seal patient medical records and private personal information).  Likewise, to protect privacy rights in appeals of the Social Security Administration's denial of disability benefits, the Court denies the public Internet access to all documents filed in the case except for orders

designated as written opinions.  See Fed. R. Civ. P. 5.2(c), Limitation On Remote Access To Electronic Files; Social Security Appeals And Immigration Cases (allowing access to all documents at public terminals).

This case concerns Medicare reimbursement to plaintiff as a provider of skin substitute allografts to 22 patients after Mohs Micrographic Surgery.[2]  Complaint For Judicial Review (Doc. #1) filed May 6, 2025, ¶¶ 20–55.  Plaintiff challenges the ALJ finding that plaintiff's use of allografts on the 22 patients was experimental or investigational.  See id., ¶¶ 96–114.  The public therefore has an interest in individual patient medical information.  Even so, the public does not need broad Internet access to patient medical information.  The Court recognizes that redaction will be unduly burdensome, but patient medical information is central to the issues in this case. On balance, however, the parties have shown that the privacy interests of the individual patients outweigh the public interest in Internet access to the entire administrative record.  See Colony Ins., 698 F.3d at 1241.  To protect patient privacy and the public interest in the materials which form the basis of the Court's rulings, the Court will permit access to the entire record only for case participants and individuals at the public terminals in the Clerk's offices.

**IT IS THEREFORE ORDERED** that the Joint Motion To Seal (Doc. #298) filed December 18, 2025 is **OVERRULED**.  **The Court directs the Clerk to remove the provisionally sealed designations and permit access to the Administrative Record (Docs. ##15–18) filed December 18, 2025 to case participants and individuals at public terminals in the Clerk's offices, and not otherwise.  The parties shall redact individual patient social security numbers, taxpayer identification numbers, birth dates and financial account**

---

[2]     Allografts are made from voluntarily donated human tissues and act as a wound covering or protective barrier and facilitate the healing process.

numbers under Rule 5.2(a), Fed. R. Civ. P., and defendant shall provide redacted copies of the <u>Administrative Record</u> (Doc. #27-2 through Doc. #27-14) to the Clerk's Office.[3]

Dated this 7th day of January, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]     Under Rule 5.2, Fed. R. Civ. P., unless the Court orders otherwise, "in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."